UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES COLEMAN, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT AND DEMAND |
| | ) FOR JURY TRIAL |
| PALISADES | ) |
| COLLECTION, LLC, | ) |
| | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) |

# COMPLAINT

CHARLES COLEMAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PALISADES COLLECTION, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19141.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number that he has had for at least one year.

14. Plaintiff has only used this phone as a cellular telephone.

15. By way of background, beginning in sometime in late 2014 or early 2015, Defendant began contacting Plaintiff by calling his cellular telephone in its attempts to collect an alleged debt that was incurred primarily for personal, family or household purposes.

16. Plaintiff told Defendant to stop calling him shortly after the calls began in late 2014 or early 2015.

17. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. Further any continued calls could only have been for the purpose of harassing Plaintiff.

19. However, despite Plaintiff's request, Defendant continued to call Plaintiff, and specifically placed repeated harassing telephone calls to Plaintiff between March 2016 and October 2016.

20. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or a pre-recorded voice.

21. Plaintiff knew that Defendant used an automated telephone dialing system and/or a pre-recorded voice because calls to him began with a pre-recorded voice.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

22. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

24. Defendant violated §§1692d and 1692d(5) when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone between March 2016 and October 2016 knowing that its calls were unwanted.

# COUNT II
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff, on and after 2014 or 2015, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CHARLES COLEMAN, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLES COLEMAN, demands a jury trial in this case.

                              Respectfully submitted,

Dated: March 22, 2017        By: /s/ Amy L. Bennecoff Ginsburg, Esq.
                                        Amy L. Bennecoff Ginsburg, Esq.
                                        Kimmel & Silverman, P.C.
                                        30 East Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Facsimile: (877) 788-2864
                                        Email: aginsburg@creditlaw.com